## MORTGAGES—LIMITATIONS—TAXES.

[Lucas Circuit Court, January, 22, 1897.]

### SYLVESTER H. LAWTON ET AL. v. JAY ADAMS ET AL.

Haynes, and King, JJ.

1. REMOVAL OF THE BAR OF THE STATUTE OF LIMITATIONS.

Where suit is brought to foreclose a mortgage against a piece of land, upon which mortgage payment was made by one of the persons who were jointly owners of the land, and especially where the payment was made by one who, by agreement of the parties was obliged to pay the notes secured by the mortgage, removes the bar of the statutes of limitations and entitles the holder of the mortgage to foreclose upon the whole farm.

7 Dec. 9

2. RIGHT OF MORTGAGEE WHO PAYS THE TAXES.

> A mortgagee who pays the taxes upon the mortgaged lands, is entitled to be subrogated to the rights of the state as to those taxes, and have the tax refunded to him in the same manner that the state might claim a lien upon the taxed lands.

APPEAL.

HAYNES, J.

This action was brought by Lawton & Bartelle against Jay Adams and Harley Converse to foreclose a certain mortgage which had been made by Harley Converse to Jay Adams, Certain persons were made parties defendant, among others one John S. Griggs. He filed an answer and cross-petition in which he sets up that the land in question was part of a farm which had been owned by a man by the name of William H. Converse, and that said William H. Converse had executed a mortgage to himself (Griggs) on the whole farm, to secure the payment of I think four different notes; that subsequent to that time William H. Converse had died, leaving the defendant Harley Converse, and Edson and Frank Converse, his heirs-at-law. Griggs claims to be the owner of the four notes that are set forth in that mortgage, and prays that the mortgage may be foreclosed, the premises sold, the amount found due on his mortgage declared the first and best lien, etc. Issues are tendered to him by the other parties in the case, which raise two questions that have been argued in this court, and upon which some testimony has been given.

It appears from the pleadings and is admitted that these heirs of William H. Converse have divided up this real estate, and partitioned it among themselves, and that by an arrangement made between the three, Edson Converse was to take his share subject to the mortgage upon the property, he to pay off the mortgages that were upon the estate, including this Griggs mortgage. Out of that arise some questions of equity which the parties seek to have enforced.

In the first place, exception is taken to the notes and the mortgage. It is said that Griggs ought not to recover upon his notes and mortgage, for the reason that two of the notes are not described in the mortgage. It seems that the mortgage, when it was made, was drafted in Lorain county, was afterwards sent up to Henry county to be executed, and was there executed. Two of the notes were given to Griggs, and two of them were executed to Grigg's wife; and it is claimed that Griggs ought not to be allowed to recover for those executed to his wife. We think under the decisions of the supreme court of Ohio there is no difficulty in regard to that matter; that the notes were described sufficiently. The parol testimony shows the circumstances under which the notes were given; that these were the only four notes made by the parties, and are clearly the four notes intended to be described in the mortgage itself.

Another and the more weighty question is as to the notes having become barred by the statute of limitations, and the mortgage having become barred. The notes were excuted in 1877, and were payable, one on the 1st of January, 1878, one on the 1st of October, 1878, one on the 1st of October, 1879, and one on the first day of October, 1880. The suit was commenced in September, 1894, or at least the cross-petition was filed at that time. So that two of the notes would have been executed more than 15 years before the commencement of the suit, while the other two would have been executed within the 15 years before the com-

mencement of the suit. There is, however, endorsed on the back of these notes payments of interest, which endorsements generally state that interest has been received up to a certain date, without stating by whom it was paid and to whom it was paid. That, at least, is true of two of the notes. By a recent decision of the supreme court the time limited for the bringing of suit after the breach of the condition of the mortgage is 15 years; and in order to take this case out of the limitation of 15 years, the parties resort to the fact that a payment has been made, bringing the mortgage within the statute of limitations which provides that parties shall have that length of time after the making of payments upon the indebtedness. The testimony shows that these payments were made, perhaps all of them, by Edson. Edson, by arrangement between the parties, had agreed to pay off these mortgages, and as between the parties, the payments would naturally come from him. It is claimed that under this statute which I have referred, the payment having been made by Edson, would only revive or hold alive the mortgage as against him, and him only, and would only reach his interest in the lands. Section 4992 of the statutes provides—

When payment has been made upon any demand founded on. contract, or a written acknowledgment thereof, or promise to pay the same, has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited after such payment, acknowledgment, or promise.

It is pointed out that by some decisions made by the supreme court of this state—especially a case in 25 O. S., 349—it was held that a part payment of a joint and several note by one of the several makers will not inure to the others. It will be observed that Harley Converse and Edson Converse are not parties to this paper; the paper was in fact signed by the father. They are not the makers of the notes. They are simply the holders of the land, and they hold it by descent. On the death of their father the property descended to them, and of course it descended subject to the liens. The question now for us to decide is, whether the payment upon these notes and the mortgage by Edson, who holds a moiety of this land, will take the case out of the statute as to the whole farm itself, so that the plaintiff shall be entitled to bring his action for the foreclosure of his mortgage upon the whole premises. We are of the opinion that the payment by Edson does make the whole of the premises subject to the payment of this mortgage. We are sustained in that view by some law which we think is very clear and cogent, which may be found in 12 L. R. (eq.) 51; vol. 11, House of Lords cases, page 115; 1 Degex & Jones, 1. We think the reasons therein expressed are forcible, and very clear. And whatever the rule of law is in this state in regard to promissory notes, where suit is brought against those who are liable jointly and severally, yet where as in this case, suit is brought upon a mortgage against a piece of land, we are of the opinion that the rule should apply that payment by any one of the persons who are jointly owners of the land, especially where payment is made by one who, by agreement of the parties, is obliged to pay the notes, should remove the bar of the statute of limitations. It has been clearly pointed out by the judge delivering the opinion in one of these cases, the Lord Chancellor of England, that it would be a great hardship to the mortgagee, if he was bound to know the various owners of the land, and that the payment was being made by one without the knowledge and consent of the other owners, or by an arrange-

ment between them; and where one of the owners of the land comes to him and offers to pay upon the note (in this case one of the heirs), it would seem to be that upon principles of justice and equity, as between the mortgagee and these various persons holding an interest in the land, that payment by one should be held to be the joint act of all, a payment made for the purpose, primarily, of relieving the property from the debt, —that is to say, that it is made to reduce the indebtedness upon the land, and is made for the benefit of all, and should be binding upon all.

We therefore hold, that as between Griggs and these three defendants, the whole of this property is subject to the payment of this debt.

As between the others, Edson Converse, it is said, agreed to pay off this indebtedness. We understand there is no dispute upon that question. Therefore as between Harley Converse, and Frank Converse, and Edson Converse, Edson's property should first be sold for the payment of this mortgage. If the property of Edson is not sufficient to pay the debt, the decree will be that the property of Harley and Frank shall each pay one half of the balance, including costs.

In regarding to the taxes, we are clearly of the opinion, as was indicated to counsel at the time the case was being argued, that those must come out of the land. In a case in 16 O. S. the mortgagee had paid off the taxes on a certain piece of land. The property was held by a trust deed, and was sold under that deed. The question was made that the mortgagee who had paid those taxes was entitled to no portion of that fund. The supreme court held that the taxes were a lien upon the land itself, and the mortgagee having paid those taxes, was entitled to be repaid out of the fund in the hands of the court. I have always so understood, that the mortgagee paying the taxes upon the land, was entitled to be subrogated to the rights of the state as to those taxes, and have the tax refunded to him in the same manner that the state might claim a lien upon the taxed land. I am clearly of the opinion that Mr. Craig, having paid off the taxes, is entitled to be repaid. If Edson's property is sufficient to pay the mortgage and taxes, that should pay them, but if not, the amount of the taxes on Frank's and Harley's should be paid out of their respective lands.

*H. C. Rorick*, Attorney for Griggs.

*Johnson Thurston* and *Chittenden & Chittenden*, for other Defendants.